UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| NIGEL MARLIN REID, Sr. | ) | |
| | ) | |
| v. | ) | NO. 2:08-CV-315 |
| | ) | *Greer/Inman* |
| EDWIN OSBORN, JUNE MORRSETT, PHIL | ) | |
| HARST, RANDAL NOE, MORRISTOWN | ) | |
| POLICE DEP'T, AGNES TRUJILLO, | ) | |
| AMBER MASSENGILL, JOHN DUGGER, | ) | |
| HAMBLEN COUNTY JAIL, CLEVER | ) | |
| RICHARDSON, HAMBLEN COUNTY, | ) | |
| CITY OF MORRISTOWN, BILLY GULLEY, | ) | |
| MICHAEL O'KEEF, MICHAEL MORRISON | ) | |
| JAMES CRUMBLEY, SAMMIE BERREAL, | ) | |
| KEY SENTERS, WILLIAM RUNNIE, RICK | ) | |
| TRENT, CLADE JINKENS, MELVIN | ) | |
| TUCKER, FRANK MCGUFFIN, ROGER | ) | |
| OVERHOLT, and TONY BELISLE | ) | |

## **MEMORANDUM and ORDER**

Nigel Marlin Reid, Sr., a former prisoner in the Hamblen County jail, brings this *pro se* civil rights action for injunctive and monetary relief under 42 U.S.C. § 1983, alleging that defendants falsely arrested and convicted him, harassed him, subjected him to wrongful conditions of confinement, and discriminated against him on the basis of sex, age, color, disability, "natinal oragent," and creed. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

### **I. Screening the Complaint.**

Cases filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2) to determine whether they state a claim entitling a plaintiff to relief or whether they are

frivolous or malicious or seek monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## II. <u>Background</u>.

Plaintiff recounts, in his pleading, several instances where his encounters with law enforcement officials, judicial officers and the judicial system in Hamblen County, Tennessee purportedly resulted in violations of his civil rights. The Court has restructured those instances for the purpose of cohesiveness.

.      *Claim 1.*      On September 4, 2007, defendant Detective June Morrset arrested plaintiff for phone harassment of Edwin Obsorn, even though she failed to ask defendant Osborn if he had called 911 and failed to learn that, in 2005, plaintiff's then wife told him that she had had an affair with Osborn.

*Claim 2.*      On April 19, 2007, defendant Detective Phil Hurst arrested plaintiff for the offense of retaliation (i.e., for harming or threatening to harm a witness at an official proceeding), even though this Class E felony charge was reduced to a misdemeanor, which proves that there was no merit to the charge.

*Claim 3.*      On June 27, 2006, defendant Detective Randal Noe arrested plaintiff on charges of aggravated assault and vandalism. Plaintiff has proof that the victim was never hit in the face with a brick, as claimed, and never went to the hospital for a blackened left eye. Instead, plaintiff was the one who went to the hospital for his injuries. Assistant D.A. Amber Massengill discriminated against plaintiff because of his mental disability by prosecuting him for hitting the

2

victim with a brick, despite being provided with photographs showing that the victim only had a black eye and was not in a hospital room on July 26, 2006. During the state criminal proceedings, many other rights of plaintiff's also were infringed. Plaintiff asserts that he was a candidate for constable at that time and that this arrest was the result of a conspiracy to keep him out of office.

*Claim 4.* On January 28, 2008, Judge John Dugger willingly and knowingly allowed most if not all of plaintiff's constitutional rights to be violated because he did not dismiss the charges in Nos. 07cr223; 07cr22, 07cr225, 07cr459; and 07cr792 on the ground that plaintiff's right to a speedy trial had been violated. Furthermore, on the same date, defendant Agnes Trujillo, plaintiff's court-appointed attorney, visited plaintiff in the Hamblen County jail, advising him that a hearing on all his cases had been set and that the charges should be dropped. She also filed discovery motions. Plaintiff had been released from a mental institution some six weeks earlier and was suffering from mental fatigue, which (impliedly) interfered with his ability to absorb the information she conveyed to him regarding his criminal proceedings. In particular, he did not realize that he was not going to go before the Grand Jury, as he requested.

*Claim 5.* On July 21, 2008, plaintiff was arrested on charges of simple assault and housed in the new Hamblen County Jail Annex under conditions which constituted cruel and unusual punishment. For example, he had to sleep on the floor with almost 35 other inmates, and was not given sheets or a good bed, even though it was cold on the floor. Also, on August 8, 2008, plaintiff was attacked by another inmate, who was subsequently charged with aggravated assault. Plaintiff received five staples in his head as a result of the attack.

### III. Discussion

The Court has concluded that, based upon the following law and analysis, plaintiff's claims

3

furnish no basis for relief under section 1983 and that his case should be dismissed.

A. *Heck Rule & Statute of Limitation.*

It is well-recognized law that, in an action for damages, if a judgment in favor of a plaintiff would necessarily imply the invalidity of his state court conviction or sentence, his § 1983 complaint must be dismissed, unless he can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In other words, "no cause of action exists unless a conviction has been legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).

If the plaintiff were to prevail against defendants on his allegations that they filed false charges against him, falsely arrested him, and wrongfully convicted him, this would necessarily imply that his convictions were invalid. The plaintiff does not allege, and it does not appear, that his convictions have been ruled invalid. In short, because he has suffered no cognizable injury at this time, his § 1983 claims for damages with respect to Claims 1-4 cannot stand.

Moreover, any allegations as to defendants' actions or failures to act in 2006 and in the Spring and Fall of 2007 would be barred by the one-year statute of limitations which applies to § 1983 civil rights actions filed in Tennessee. *See* Tenn. Code. Ann. § 28-3-104(a); *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). This is so because the one-year limitations period for claims arising before or on September 4, 2007, would have ended, at the latest, on September 4, 2008, and because this case was filed on December 2, 2008, after the lapse of the statutory time period.

B. *Immunity Doctrine & State-Actor Element.*

1. *Judicial Immunity*: Plaintiff has sued Judge John Dugger, the state court judicial officer who presided over plaintiff's criminal proceedings, alleging that Judge Dugger should have

4

dismissed the charges against him on grounds that his right to a speedy trial had been violated. However, a judge performing his judicial functions enjoys absolute immunity from lawsuits for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mann v. Conlin*, 22 F.3d 100, 103, (6th Cir. 1994). Presiding over criminal cases, including ruling on various motions, lies within the scope of a judicial officer's jurisdiction. Accordingly, Judge Dugger is absolutely immune from this action for damages.

2. *Prosecutorial Immunity*: Next, plaintiff has sued the state's attorney, Amber Massengill, who prosecuted his case. He charges that she failed to perceive the weakness or groundlessness of the case against him. Prosecutors, acting within the scope of their duties in initiating and pursuing a criminal prosecution and in presenting the state's case, also enjoy absolute immunity from a civil suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Defendant prosecutor was performing the duties of her office in seeking to have plaintiff convicted of the offenses for which he was charged, and she too enjoys absolute immunity from this lawsuit, even if she conspired in some unspecified way against him. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003) (citing *Mowbray v. Cameron Co., Tex.*, 274 F.3d 269, 276 (5th Cir. 2001)).

3. *State Actor:* Plaintiff also ascribes to his own attorney, defendant Trujillo, several failings in her effort to defend him. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege he has been deprived of a right, privilege, or immunity secured by the Constitution of the United States and that the person causing the deprivation was acting under color of state law. *Flagg Bros. V. Brooks*, 436 U.S. 149, 155-57 (1978). Here, it is the second element which is missing because a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 321 (1981). Plaintiff has no §

5

1983 claim against Attorney Tujillo, whatever her alleged shortcomings.

To sum up, plaintiff fails to state a constitutional claim against any of these three defendants. Additionally, the claims against these defendants are frivolous because they lack an arguable basis in law which would entitle plaintiff to relief under Section 1983.

C.  *Conspiracy.*

Plaintiff alleges that defendants engaged in a conspiracy to deprive him of elective office and, thereby, violated his constitutional rights. However, he offers no allegations of fact to support the existence of any such a conspiracy. A court need not conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). As it is, contentions which lack the necessary factual support are conclusory, and conclusory contentions, such as these, do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Guitierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987) (holding that claims of conspiracy must be pled with some degree of specificity).

D.  *Confinement Conditions.*

Plaintiff next asserts that, due to overcrowded conditions, he was forced to sleep on a cold floor, without being furnished a sheet or a good bed, and that he was assaulted by another inmate. These are conditions which, according to plaintiff, violate the prohibition against cruel and unusual punishments in the Eighth Amendment.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment, which implicates the Eighth Amendment, *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An

6

Case 2:08-cv-00315-JRG-DHI   Document 8   Filed 08/20/09   Page 6 of 8   PageID #: 36

Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation, and where prison conditions are concerned, a "substantial serious" deprivation is one which denies the prisoner "the minimum civilized measure of life's necessities." *Id.* The subjective element, deliberate indifference, is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Ibid.* Therefore, to succeed on a claim of inhumane housing conditions, plaintiff must demonstrate that the questioned condition posed a substantial, serious risk to his health or safety to which a defendant was deliberately indifferent.

The second component is missing here. Assuming, without finding, that sleeping on a cold floor without a sheet or good bed is a substantially serious deprivation which satisfies the objective element of an Eighth Amendment claim, plaintiff has not alleged that any defendant knew about this condition. The Court cannot infer a state of mind of deliberate indifference unless plaintiff pleads knowledge of this condition and the attendant risk on the part of a defendant.

The same is true of plaintiff's claim that he was assaulted by another inmate. To state a claim of deliberate indifference for failing to protect plaintiff from harm inflicted by other inmates, he must establish that not only was a defendant aware of facts from which he could draw an inference that an excessive risk of serious harm existed, but that he actually drew that inference. *Id.* at 837.

Plaintiff has not asserted that the assailant was known to be violent, that he had attacked other inmates, or that he had an assaultive history. Nor has plaintiff asserted that he was particularly vulnerable to an attack by another prisoner. And he has not charged that any defendant

7

was actually aware of the risk posed by his attacker, but failed to take any steps to avert the assault. And it must be noted that plaintiff's assailant was charged with a serious criminal offense following the assault. Absent any contentions concerning knowledge of an excessive risk on the part of a defendant, plaintiff's confinement-conditions and assault claims fail to state viable Eighth Amendment claims.

*E. Discrimination.*

There are no allegations of fact whatsoever to support plaintiff's claim of discrimination based on sex, age, disability, color, or national origin. In the absence of any factual development to undergird his claim, plaintiff fails to state a claim for relief under § 1983.

## IV. Conclusion

Accordingly, for all the above reasons, the Court finds plaintiff has failed to state a claim entitling him to relief, that some of the defendants are immune from this action for damages, and that a *sua sponte* dismissal is the appropriate disposition of this lawsuit. All pending motions are **DENIED** as **MOOT**.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE